## NATIONAL LABOR RELATIONS BOARD v. PETERSON et al.

### No. 10208.

Circuit Court of Appeals, Sixth Circuit.

Oct. 16, 1946.

Louis S. Belkin, of Cleveland, Ohio (David A. Morse, A. Norman Somers, Dominick L. Manoli, and Barnard Morrison, all of Washington, D. C., on the brief), for petitioner.

Philip J. Schneider, of Cincinnati, Ohio (Philip J. Schneider, of Cincinnati, Ohio, of counsel; Waite, Shindel & Bayless, of Cincinnati, Ohio, on the brief), for respondent.

Gerhard P. Van Arkel, Morris P. Glushien, A. Norman Somers and Dominick L. Manoli, all of Washington, D. C., on reply brief for petitioner.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

In this case the National Labor Relations Board found that the respondents had violated the National Labor Relations Act by interfering with, coercing, and restraining their employees in the exercise of their right of organization under § 7 of the Act, 29 U.S.C. § 157, 29 U.S.C.A. § 157, and had wrongfully discharged two employees in order to discourage Union membership. The usual order providing for reinstatement of the employees, for cessation of unfair labor practices, and for posting of notices was entered. This is the order sought here to be enforced.

Respondents' principal legal contention is that the statements of respondents' managing partner, made to their employees, were protected by the free speech provision of the First Amendment to the Constitution of the United States, and therefore did not constitute evidence of unfair labor practice.

The Supreme Court, in National Labor Relations Board v. Virginia Electric Power Co., 314 U.S. 469, 477, 62 S.Ct. 344, 86 L.Ed. 348, recognized the fact that the National Labor Relations Act does not forbid expressions by an employer to his employees of his views on labor policies. This had been previously held by this court, which declared in Midland Steel Products Co. v. National Labor Relations Board, 6 Cir., 113 F.2d 800, 803, that the statute does not forbid the employer, where he is innocent of coercion, interference or restraint, from advocating advantages of individual conferences as opposed to unionization. In a more extended discussion in National Labor Relations Board v. Ford Motor Co., 6 Cir., 114 F.2d 905, 913–915, cert. denied 312 U.S. 689, 61 S.Ct. 621, 85 L.Ed. 1126, this court held that the employer has the right not only generally to express his labor views, but to distribute a

pamphlet embodying these views to his employees. To the same effect is our holding in National Labor Relations Board v. West Kentucky Coal Co., 6 Cir., 152 F.2d 198, cert. denied 66 S.Ct. 1372.

But in the decisions upon this point, the right of freedom of speech of the employer, in making statements disparaging of the Union, has always been held to be justified only if the expressions in controversy are noncoercive. If they are couched in such phrases, or attended by such circumstances that they tend to exercise undue influence and coercion upon the employees, the expressions of opinion are not protected.

The statements of the respondents' manager in this case we think fall within the latter category. When the manager of a business who has authority over the employees' jobs and wages, states to his men that if they join the Union they are "sticking their necks out," and directs his employees to return from the meeting of the Union with a "changed mind," the reasonable and inevitable inference is that a threat of discharge and discrimination is intended.

The findings of the Board as to discriminatory discharge are sustained by the record, and the decree of enforcement will issue as prayed for in the petition.